[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on March 21, 1964 in Huntsville, Alabama. The defendant has resided continuously in this state for one year next prior to the initiation of this action. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has broken down irretrievably. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-81 and 46b-82 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for close to 34 years. The wife took care of their two children and the home throughout the marriage. She also worked in her husband's business throughout CT Page 1261 the marriage but never received Social Security wages. The husband set up a myriad of corporations, businesses and L.L.C. in his name and in the name of his wife to handle the variety of his businesses including Insurance, tax preparation and related matters, real estate and personal property. The wife was the secretary in many of these business entities but the husband took care of the business.
Mr. Ruddy is 56 years of age. He represented himself in this dissolution action. He has an LLB from LaSalle University in Illinois, and attended the Judge Advocate General School (JAG); he is an aeronautical engineer; an electrical engineer and a licensed funeral embalmer. He is a licensed Real Estate appraiser on the Federal level; he is a Real Estate Broker licensed in Connecticut and he is licensed to sell Insurance. He is admitted to Federal Practice before the U.S., Treasury and Internal Revenue Service. He stated he received a B.S., a Masters and a PhD from the American Institute of Nutrition. He has a Medical Degree in Naturopathy from the Clayton School of Medicine in Louisiana. Mr. Ruddy indicated several of his degrees were obtained through mail order/extension courses and schools.
Mr. Ruddy indicated he is a diabetic and has cancer. He is treating himself using his skills as a naturopathist. The parties amassed several pieces of real estate through out the marriage. Two of these properties are in foreclosure and all have back real estate taxes due.
The husband transferred several pieces of real estate to the wife in 1984, two of which are under foreclosure. Substantial real estate taxes are owed and there is presently a tax lien in the amount of $114,024.68 as of September 30, 1997.
The husband left the home in 1996. He has moved to Minnesota and has started a business there with Gwen Erickson with whom he has a romantic relationship.
Although the wife worked in the business during the marriage she professed no knowledge of how the businesses were run and what amounts of money were generated. She indicated she signed whatever documents her husband put in front of her. Consulting Associates, Inc., one such company, may have some viable accounts receivable. The husband has transferred his interest in this company to his son, James. CT Page 1262
The parties were unable to resolve their marital difficulties. Their finance and asset picture is a tangled web of corporations and L.L.C.'s.
The parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship.
The following orders shall enter:
1. The following pieces of real estate which are in the wife's name shall remain the property of the wife:
 #265 Naugatuck Avenue, Milford, Connecticut #255 and 257 Naugatuck Avenue, Milford, Connecticut #22 Ruth Ann Terrace, Milford, Connecticut #6 Armstrong Place, Bridgeport, Connecticut #16 Manilla Avenue, Milford, Connecticut
2. The jointly owned real estate containing 15.3 acres in Newark, Vermont shall be sold forthwith and the net proceeds shall be equally divided between the parties.
3. The defendant shall be entitled to the following businesses and the plaintiff shall assign and transfer to the defendant any interest he has in the following, including but not limited to any secured debts owed to the plaintiff by way of his previous clients:
 J. Ruddy Associates — if in existence JR Associates of Conn., Inc. 265 Naugatuck Avenue, LLC 255 Naugatuck Avenue, LLC 16 Manilla Avenue, LLC 6 Armstrong Place, LLC 3 R Corporation Consulting Assoc., Inc., including all accounts
receivable and the Note of Kelly Mills dated 7/17/95 in the amount of $28,000, as well as the interest Consulting Association Inc. has in a certain deed and note executed by Hugh Troshynski and Rita Troshynski dated September 21, 1996 on Real Estate located at 1186 Cone Road, Stamford, Connecticut.
4. The plaintiff shall be entitled to the following businesses CT Page 1263 and the defendant shall transfer and assign to the plaintiff any interest she may have in the following:
 James V. Ruddy Jr., JD, PhD, LLC Family Capital Corporation Ruddy, Ruddy Ruddy, Ltd. Shippan Point Inn, Inc.
5. The defendant wife shall be entitled to the 1985 Toyota motor vehicle. Any other motor vehicles solely in the possession of the defendant wife shall remain her sole property and the plaintiff shall execute whatever documents necessary to transfer title to the defendant wife.
6. Alimony
Based on the testimony presented as to the plaintiff's educational background and the amount of assets generated by the plaintiff during the marriage, the court finds that the plaintiff has an ability to work and is capable of earning sufficient sums to support an award of alimony.
It is ordered that the plaintiff shall pay to the defendant as periodic alimony the sum of $150.00 per week until the death of the husband, death of the wife or her remarriage, whichever event shall first occur.
7. Change of Name
The defendant is granted a change of name to her former name, Judy Garland.
8. The parties shall equally divide the coin collection.
9. The plaintiff shall indemnify and hold the defendant harmless from any and all liability arising out of joint Federal/State Income Tax Returns and Corporate Tax Returns.
COPPETO, J.